UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY SCHMUTZLER,            )
      Petitioner,                  )
                                   )
      v.                           )    C.A. No. 16-12308-ADB
                                   )
WARDEN JEFF GRONDOLSKY         )
      Defendants.                  )

## MEMORANDUM AND ORDER

**BURROUGHS, D.J.**

Before the Court is Jeffrey Schmutzler's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1] and Petitioner's Motion for Release on Bail and Conditions Pending Decision on Habeas Corpus Decision [ECF No. 7]. The petition has not been served pending the Court's review of the petition. *See* 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted"). For the reasons stated below, the Court DENIES the petition. In light of the Court's denial of the petition, the motion for release on bail [ECF No. 7] is DENIED as moot..

**I.    Background**

    **A.    Schmutzler's Conviction for Receipt of Child Pornography in the Middle District of Pennsylvania**

On July 29, 2013, Jeffrey Schmutzler pleaded guilty in the United States District Court for the Middle District of Pennsylvania to one count of knowingly receiving child pornography pursuant to 18 U.S.C. 2252A(a)(2).[1] United States v. Schmutzler, 602 Fed. App'x. 871, 872 (3rd

---

[1] At sentencing, the United States presented uncontested evidence that Schmutzler, a school teacher, "possessed 1,424 child pornography images in which he had photoshopped the faces of 136 current students." United States v. Schmutzler, 602 Fed. App'x. 871, 872-73 (3rd Cir. 2015). "The United States also presented evidence that Schmutzler possessed between two and

Cir. 2015); United States v. Schmutzler, No. 1:13-CR-00065, 2015 WL 1912608, at *1 (M.D. Pa. Apr. 27, 2015). Schmutzler was sentenced to 108 months. Id. He is currently serving his sentence at FMC Devens in Ayer, Massachusetts.

### B.     Schmutzler's Unsuccessful Direct Appeal of his Conviction

On August 14, 2014, Schmutzler filed a direct appeal of his conviction, on grounds apparently not raised here, to the United States Court of Appeals for the Third Circuit. United States v. Schmutzler, No. 1:13-CR-00065, 2015 WL 1912608, at *1 (M.D. Pa. Apr. 27, 2015). Schmutzler's direct appeal included a theory of selective prosecution. On February 23, 2015, Schmutzler's conviction was affirmed. United States v. Schmutzler, 602 Fed. Appx. 871 (3rd Cir. 2015).

### C.     Schmutzler's 28 U.S.C. § 2255 Motion Denied by the Middle District of Pennsylvania

On March 20, 2015, Schmutzler filed a motion in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2255. In the § 2255 motion, he claimed that concepts of federalism were violated, precluding his conviction. See United States v. Schmutzler, 1:13-cr-00065 (M.D. Pa. March 20, 2015), ECF No. 72. The essence of the argument was that under principles of federalism, the Commonwealth of Pennsylvania did not cede to the United States its enforcement of laws against wholly intra-state receipt and possession of child pornography. Id. at 13–19. The federalism issues were similar, if not identical, to those raised in the instant petition. That court denied the motion. United States v. Schmutzler, No. 1:13-CR-00065, 2015 WL 1912608, at *1 (M.D. Pa. Apr. 27, 2015), certificate

---

four terabytes of child pornography, amounting to between four and eight million images." Id. at 873.

of appealability denied (Dec. 21, 2015). While the district court did not provide analysis of the federalism claim, it referenced it among others, and denied the motion.  Id.

        **D.**      **Schmutzler's First Petition for Habeas Corpus under 28 U.S.C. §2241 in the District of Massachusetts Dismissed For Lack of Jurisdiction**

On January 13, 2016, Schmutzler brought a petition for habeas corpus in this district before Judge Casper, pursuant to 28 U.S.C. § 2241, raising the same federalism argument posited in his § 2255 motion and in the instant petition. See e.g., Schmutzler v. Grondolsky, Civil No. 1:16-10077-DJC, Petition, ECF No. 1; Memorandum of Law in Support of his Petition for Habeas Corpus Pursuant to 28 USC 2241, ECF No. 4; Opposition to Motion to Dismiss, ECF No. 36 and Memorandum in Opposition to Motion to Dismiss, ECF No. 37.  On September 16, 2016, Judge Casper denied the petition, properly viewing it as a § 2255 motion:

> Petitioner argues that he is "not guilty of a federal crime so as to justify [his] current detention by the federal government," D. 1 at 2.1 (emphasis in original), and that "[t]he US Attorney misinterprets, and wrongfully applies the federal law that he enforces against [Petitioner]," D. 1 at 4.1 (emphasis in original). Petitioner admits that the District Court for the Middle District of Pennsylvania the sentencing court previously denied his § 2255 motion and that "[he had] previously made these arguments before the sentencing court." D. 1 at 2. As such, despite being filed as a § 2241 motion, the petition substantively falls "within the scope of § 2255" and thus "is a motion under § 2255, no matter what title the prisoner plasters on the cover." See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)) (internal quotation marks omitted) (emphasis in original). Construing the petition as such, this Court lacks jurisdiction to entertain it because, as Petitioner concedes, he was sentenced in the Middle District of Pennsylvania. See Wherry v. Grondolsky, No. 10-cv-40159-FDS, 2010 WL 4273807, at *2 (D. Mass. Oct. 28, 2010).

Schmutzler v. Grondolsky, Civil No. 1:16-cv-10067, September 16, 2016 Electronic Order, ECF No. 55.

**E.     Schmutzler's Motion for Second or Successive 28 U.S.C. § 2255 Motion Denied by Third Circuit Court of Appeals.**

On October 12, 2016, Schmutzler filed a motion in the Third Circuit Court of Appeals for an order authorizing the United States District Court for the Middle District of Pennsylvania to consider a second or successive application for relief pursuant to 28 U.S.C. § 2255 on the same grounds as he seeks in the instant petition. Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §2254 or §2255, Schmutzler v. United States, No. 16-3817, Document No. 003112432237 (3rd Cir. October 12, 2016). In that motion, petitioner stated that he agreed with Judge Casper's decision and that he sought to present the identical arguments brought in that petition and the instant petition:

> I did not appeal…[Judge Casper's decision]…because I am satisfied with the answer and I fully understand why it was dismissed for lack of jurisdiction without reaching the merits. I raised there the same arguments I resurrect here still trying to get these claims addressed.

Id. at p. 4 (emphasis in original). On October 20, 2016, the Third Circuit Court of Appeals denied petitioner's motion. Order, Schmutzler v. United States, No. 16-3817, Document No. 003112447002 (3rd Cir. October 20, 2016).

**F.     Schmutzler's Instant Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241.**

On November 16, 2016, Schmutzler filed the instant petition, again casting his claim as a § 2241 petition. ECF No. 1. Here, Schmutzler challenges his federal conviction for receipt of child pornography under a federalism argument. Id. Schmutzler raises similar if not identical claims brought in his unsuccessful § 2255 motion in the Middle District of Pennsylvania, his unsuccessful § 2241 petition brought in this district, and his unsuccessful motion for second and

successive § 2255 petition before the Third Circuit Court of Appeals. Schmutzler now claims, however, that he is challenging the "execution" of his sentence. Id.

**II.     Discussion**

Schmutzler's petition is nothing more than a repackaged § 2255 motion—over which this Court still has no jurisdiction—disguised as a § 2241 habeas petition.[2] As petitioner is already aware, under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). He may not challenge the legality of his sentence through writ of habeas corpus unless, under the savings clause, it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, "[a] petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the [statutory] 'second or successive' requirements." United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000)(citations omitted). Moreover, "[t]he fact that…[petitioner]…was dissatisfied with the outcome of his § 2255 motion does not render a motion under § 2255 'inadequate or ineffective' to test the legality of his conviction." Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009). "Accordingly, post-conviction relief can be

---

[2] Schmutzler's claim that he is attacking the "execution" of his sentence is meritless. A motion challenging the execution of a federal prisoner's sentence includes "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Thornton v. Sabol, 620 F.Supp.2d 203, 206 (D.Mass. 2009) (citations omitted). Petitioner's claim does not remotely touch upon these types of issues. Rather, his claim sounds, as he has admitted previously, as a § 2255 claim.

5

termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citations omitted).

Schmutzler cannot avail himself of the savings clause under 28 U.S.C. § 2255(e). His § 2255 process was neither inadequate nor ineffective merely because he was dissatisfied with result of his underlying § 2255 motion and subsequent denial of his request to the Third Circuit Court of Appeals. Notably, the arguments he raised in those proceedings are identical to those he now recycles here.[3] Accordingly, the petition will be denied and the action dismissed.

## III. Conclusion

For the reasons stated herein, the petition [ECF No. 1] is DENIED pursuant to 28 U.S.C. § 2243 for lack of jurisdiction, and the action is DISMISSED. In light of the Court's denial of the petition and dismissal, Petitioner's Motion for Release on Bail and Conditions Pending Decision

---

[3] Schmutzler's claim that he is "legally innocent" does not assist him here in establishing inadequate or ineffective § 2255 relief. Presuming he means "actual innocence," the actual innocence exception is very narrow, Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007), and not applicable here. Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998), United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999). Schmutzler has not even attempted to establish factual innocence; rather, he claims he should have been prosecuted under a state criminal statute, rather than a federal statute, based on principles of federalism. This type of "actual innocence" claim has been rejected. See Baker v. Warden Ft. Dix FCI, 605 F. App'x 132, 133 (3d Cir. 2015) (affirming dismissal of § 2241 for lack of jurisdiction on actual innocence claim challenging constitutionality of intra-state child pornography statute under Commerce Clause of the United States Constitution where argument available prior to § 2241 petition). Moreover, but without making a finding on the merits, Schmutzler's substantive legal theory has been wholly rejected by other district courts. See United States v. Armbrister, No. CR 07-30-H-CCL, 2016 WL 287070, (D. Mont. Jan. 22, 2016) (rejecting federalism challenge); Phillips v. United States, No. CR 08-031-LPS, 2014 WL 3965050 (D. Del. Aug. 12, 2014) (rejecting federalism argument as futile in the Third Circuit).

on Habeas Corpus Decision [ECF No. 7] is DENIED as MOOT.

**So Ordered.**

                                                  /s/ Allison D. Burroughs
                                                  Allison D. Burroughs
Dated:  December 12, 2016                United States District Judge